IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAVAR CHARLES MURPHY,

    Plaintiff,

vs.                                         Case No.: 4:23-CV-00190-WS-MAF

C. ROCA,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se,* filed amended complaints, pursuant to 42 U.S.C. § 1983, which did not arrive at the Court in the order in which they were signed. ECF Nos. 9, 11. The first amended complaint is dated May 19, 2023 (ECF No. 9); the second is dated May 5, 2023 (ECF No. 11). It is well-settled that an amended complaint supersedes and replaces an original complaint. Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999). "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Without a prison date stamp or evidence to the contrary, a prisoner's motion is deemed delivered to prison authorities on the day he

signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, the operative complaint is the one Plaintiff signed later in time – the first amended complaint dated May 19, 2023. ECF No. 9.[1]

The Court screened the operative complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, for the reasons stated below, this case should be dismissed as malicious because Plaintiff affirmatively misrepresented his litigation history and fails to state a claim upon which relief may be granted.

## I. Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624

---

[1] In either case, Plaintiff omitted his federal litigation history and sued Defendants solely in their official capacities for monetary damages only. Both complaints would be dismissed for the same reasons set forth in this Report.

Case No. 4:23-CV-00078-MW-MAF

(11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be

Case No. 4:23-CV-00078-MW-MAF

dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[2]

## II. Plaintiff's Amended Complaint, ECF No. 9.

Plaintiff sued several defendants employed by Suwannee Correctional Institution and a supervisor at Florida Department of Health Central

---

[2] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No.  4:23-CV-00078-MW-MAF

Pharmacy – solely in their official capacities. ECF No. 9, pp. 1-3. According to Plaintiff, he did not receive HIV medications as prescribed. The pharmacy was behind two weeks in processing medications. Id., p. 6. Plaintiff missed seventeen days of medications. Id. Plaintiff filed grievances with the warden, which were denied. Id. Without the medications, Plaintiff suffered numerous symptoms including but not limited to constipation, blurred vision, delusions, weight loss, weakness, PTSD, anxiety, and depression. Id. Plaintiff argues the delayed medical care is a violation of his constitutional rights. Id., pp. 6-7. Plaintiff seeks $999,000,000 in damages. Id., p. 7. At least one page of the proper form is missing, specifically, sections "VII EXHAUSTION OF ADMINISTRATIVE REMEDIES" and "VIII PRIOR LITIGATION."[3]

Although ordinarily a plaintiff would be granted opportunity to properly amend, the court should forgo that courtesy for two reasons: (1) Plaintiff already had multiple opportunities to amend and (2) Plaintiff made affirmative misrepresentations regarding his litigation history. Plaintiff did not disclose any of his federal cases in any complaints. See ECF Nos. 1, 9, 11.

### III.  Plaintiff's Affirmative Misrepresentations

On the proper complaint form, Section VIII warns:

> This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and

---

[3] See Plaintiff's amended complaint ECF No. 11, pp. 9.

Case No.  4:23-CV-00078-MW-MAF

>federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.

The section also contains a directive for prisoner plaintiffs to identify whether any cases were dismissed pursuant to the "three strikes" rule of the PLRA. Plaintiff's failure to include advisories does not excuse him from compliance. See ECF No. 9, pp. 7-8.

Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10. Plaintiff responded "No," and did not list any cases.[4] Id. Plaintiff's statement is false. The instant case is, at least, Plaintiff's fifth federal case.[5] Plaintiff filed cases in 2013, 2016, and 2021 in the Middle District of Florida and the Southern District of Florida. One federal case was dismissed for failure to comply with court orders. See S.D. Fla. No. 1:21-cv-20595-BB, Murphy v. Miami Dade Corrections and Rehabilitation Center, et al. This Report will not list all of Plaintiff's cases because the Court will not assume Plaintiff's responsibility

---

[4] Plaintiff answered Question C in the same way in his other amended complaint. ECF No. 11, p. 11.

[5] The Court takes judicial notice of Plaintiff's federal litigation history pursuant to Fed. R. Evid. 201.

Case No.  4:23-CV-00078-MW-MAF

to disclose them. It is sufficient to say that Plaintiff did not disclose any of his federal cases.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his litigation history under the penalty of perjury. See Section "IX Certification"

Case No. 4:23-CV-00078-MW-MAF

ECF No. 9, p. 11. If the Court cannot rely on the statements or responses made by litigants, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed.

Here, Plaintiff knew that accurate disclosure of his litigation history was required; and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. The Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731; Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

Case No. 4:23-CV-00078-MW-MAF

## IV. Respondeat Superior and Official Capacity Claims

Plaintiff cannot pursue claims against the warden, supervisors, or prison officials under a theory of vicarious liability. "(L)iability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).

Plaintiff does not establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Thus, the respondeat superior claims should be dismissed.

Even if Plaintiff could establish a policy or custom, he sued all prison officials solely in their official capacities; however, these claims are barred

Case No. 4:23-CV-00078-MW-MAF

by Eleventh Amendment immunity. Prison employees are considered employees of the State of Florida for the purposes of a Section 1983 action. Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Plaintiff is not seeking injunctive relief; he seeks only monetary damages -- $999,000,000 "for attempted murder." ECF No. 9, p. 7. All claims should be dismissed.

## V.   Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history and fails to

Case No. 4:23-CV-00078-MW-MAF

state a claim upon which relief may be granted. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 13th day of June, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).